FILED'06 FEB 22 09:34USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GERSON NUNEZ,

        Petitioner,        Civil No. 06-179-CO

        v.        FINDINGS AND
                RECOMMENDATION

CHARLES DANIELS, et al.,

        Respondents.

COONEY, Magistrate Judge.

    Petitioner filed a petition under 28 U.S.C. § 2241, seeking to be transferred to a community corrections facility. Petitioner did not pay a filing fee or apply for in forma pauperis status. However, since the petition is apparently intended to "renew" petitioner's petition in 04-1882-AS[1], no

---

[1] Dismissed with leave to renew after exhaustion of administrative remedies on September 2, 2005. Petitioner's exhibits suggest that he has exhausted his administrative remedies.

1 - FINDINGS AND RECOMMENDATION

filing fee shall be imposed. However, for the reasons set forth below, the petition should be denied without prejudice to seek review in the district of his incarceration.

At the time petitioner filed his petition in 04-1882-AS, he was incarcerated at FPC Sheridan and properly named his custodian Charles Daniels as the respondent. However, he is presently incarcerated at the Federal Prison Camp in Waymart, PA. Therefore, in the present petition petitioner has also named the warden of that facility as a respondent.

Petitioner is on the right track in naming his present custodian as a respondent. However, it is also necessary to file a petition challenging the execution of his sentence in the district of his confinement. Accordingly, the District of Oregon is not the proper venue for petition's claims.

Ordinarily under such circumstances, this court would recommend that the petition be transferred to the district of the petitioner's confinement. However, in this case, petitioner has not stated any cognizable claim. Therefore, I recommend dismissal without prejudice.

In a nutshell, petitioner's novel claim is that because under 18 U.S.C. §3621(b), the Bureau of Prisons may at any time transfer a prisoner from one correctional or penal facility to another, because CCCs are considered "places of imprisonment," he should be transferred - apparently simply

2 - FINDINGS AND RECOMMENDATION

because he would rather be in a CCC. Petitioner emphasizes that he is **not** "talking about pre-release program under Title 18 U.S.C. § 3624(c) because Petitioner release date is on 2010." (sic) Petition (#1) p. 7.

Petitioner apparently acknowledges that he does not have a constitutional right to be confined in a particular institution, but argues that he has a equal protection right to such a transfer because "thousands of inmates had received transfer recommendations by their case managers." (sic) Id. p. 8.

Petitioner concedes that the BOP has discretion in matters of a prisoner's place of confinement and has not submitted any arguable factual or legal basis for his "entitlement" to be transferred. Petitioner is free to pursue his claim in the district of his confinement, but the petition before the court should be denied and this proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written

3 - FINDINGS AND RECOMMENDATION

objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to _de novo_ consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 21 day of February, 2006.

John P. Cooney
United States Magistrate Judge